13-3948-cv
In re 650 Fifth Avenue and Related Properties

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand fourteen.

PRESENT: DENNIS JACOBS,
ROBERT D. SACK,
CHRISTOPHER F. DRONEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

In re 650 FIFTH AVENUE and RELATED
PROPERTIES

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        Plaintiff-Appellee,

STEVEN M. GREENBAUM, et al.,
        Claimants-Appellees,

        -v.-                                    13-3948-cv

SOHRAB VAHABZADEH, et al.,
        Claimants-Appellants.
- - - - - - - - - - - - - - - - - - - - -X

1

**FOR CLAIMANTS-APPELLANTS:** IRA STEPHEN SACKS, M. DARREN TRAUB, and KIMBERLY J. LINKLETTER, Akerman LLP, New York, New York.

**FOR PLAINTIFF-APPELLEE:** MICHAEL D. LOCKHARD, MARTIN S. BELL, and BRIAN A. JACOBS, for Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

**FOR CLAIMANTS-APPELLEES:** CURTIS C. MECHLING, JAMES L. BERNARD, BENJAMIN WEATHERS-LOWIN, and MONICA HANNA, Stroock & Stroock & Lavan LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Claimants-appellants Sohrab Vahabzadeh, the Djhanbani Family Members, the Khosrowshahi Family Members, and the Khoshkish Family Members appeal from the judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>), dismissing their claims for lack of Article III standing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This appeal arises out of a civil forfeiture proceeding brought by the United States government (the "Government") against the right, title, and interest of Assa Corporation, Assa Company Limited, Alavi Foundation, and 650 Fifth Avenue Company in the building located at 650 Fifth Avenue, New York, New York, and various related assets and properties (collectively, the "Defendant Properties"). The Appellants

---

[1] The above caption has been shortened in the interest of conserving space. The full caption is available on the cover of the parties' joint appendix.

2

filed notices of claim to the Defendant Properties premised on allegations that their properties in Iran were unlawfully seized by the Iranian government during the 1979 Iranian Revolution, "commingled," and used to commit the acts alleged in the Government's forfeiture complaint.

For Article III standing, a party must have "suffered an injury in fact . . . [that is] fairly trace[able] to the challenged action of the defendant, and . . . [that] will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (citations and internal quotation marks omitted). "In determining standing to challenge a forfeiture, we look to ownership and possession because they are often reliable indicators of injury that occurs when property is seized." United States v. Cambio Exacto, S.A., 166 F.3d 522, 527 (2d Cir. 1999). However, "we have been careful to acknowledge that while ownership and possession generally may provide evidence of standing, it is the injury to the party seeking standing that remains the ultimate focus." Id. A claimant that is neither an owner nor a possessor of the property may nevertheless suffer "a distinct and palpable injury" from the forfeiture if it has a "financial stake" in the property to be forfeited. Id. at 527-28 (citation and internal quotation marks omitted). However, a party that holds no more than a claim against the owner or possessor lacks standing to challenge a property forfeiture. Id. at 528-29. Such a party's remedy is limited to suit against the owner or possessor. Id.

The principles articulated in Cambio Exacto squarely support the district court's finding that the Appellants lack Article III standing. They have articulated no reason why the seizure of their properties in Iran would lead to their obtaining a *property* interest in the Defendant Properties.[2] At most, the Appellants have a claim against

_____

[2] The Appellants fault the district court for failing to take as true their allegations that the Iranian government "commingled" the properties seized in Iran and used those properties to "maintain" the Defendant Properties. This criticism misses the mark. The district court's decision was based on the Appellants' failure to articulate any legal theory of "*how* they have any interest in the [Defendant] Properties" as a result of the alleged

3

the Iranian government for illegally seizing their properties in Iran.[3]  As Cambio Exacto makes clear, that is not enough to confer Article III standing to challenge forfeiture.

The Appellants argue that the facts they have alleged support the existence of a "constructive trust" under New York law.  They are mistaken.  As we explained in Torres v. $36,256.80 U.S. Currency, 25 F.3d 1154, 1158 (2d Cir. 1994):

> A constructive trust arises under New York State law when one person in a confidential relationship with another transfers property in reliance on the transferee's promise to reconvey the property; if the promise is breached and unjust enrichment results, a constructive trust is imposed on the property in the transferor's favor.

Although a failure to satisfy each of these four factors does not bar the imposition of a constructive trust, see Simonds v. Simonds, 380 N.E.2d 189, 194 (N.Y. 1978), it does counsel against it.  The Appellants' affirmative allegation that the Iranian government unlawfully seized property forecloses a claim that the Appellants "transfer[red] property [to the Iranian government] in reliance on the transferee's promise to reconvey the property."  Absent a promise to reconvey, there could not have been a breach.  The Appellants also fail to allege the existence of a confidential relationship.  Finally, as the district court pointed out, even if the Appellants could allege the existence of a constructive trust, that trust would be

---

commingling, not the district court's refusal to posit that commingling in fact took place.

[3]   As a group of claimants-appellees (the "Greenbaum Claimants") point out, it is doubtful that the Appellants could bring any such claims in United States courts.  The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 et seq., strips United States courts of jurisdiction to adjudicate claims against foreign sovereigns unless a statutory exception applies.  A claim that the Iranian government unlawfully expropriated property of its own nationals does not appear to fall under any of those exceptions.

4

imposed only on the properties seized in Iran, not on the Defendant Properties.

The Appellants further argue that the district court abused its discretion by not giving them an opportunity to amend their complaint. "[A] motion for leave to amend a complaint may be denied when amendment would be futile." <u>Tocker v. Philip Morris Cos., Inc.</u>, 470 F.3d 481, 491 (2d Cir. 2006). The Appellants have articulated no additional facts they could plead that would overcome the standing defect identified by the district court. Accordingly, leave to amend would be futile.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK